UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANDREW HAYES and                                                      PLAINTIFF
TORRIS H. LITTLE, SR.

v.                                               CIVIL ACTION NO. 3:06-CV-251-S

JOHN E. POTTER, POSTMASTER GENERAL                                   DEFENDANT

### MEMORANDUM OPINION

This matter is before the court upon motion of the defendant John E. Potter, the Postmaster

General of the United States Postal Service ("Postal Service"), to dismiss, or in the alternative for

summary judgment (DN 25).

### BACKGROUND

At the time of the events giving rise to their claims, the plaintiffs, Andrew Hayes ("Hayes") and

Torris H. Little, Sr. ("Little") (collectively, "Plaintiffs"), were employed by the Postal Service as

custodial laborers at the Louisville Downtown Post Office ("Post Office").[1]  Plaintiffs served in the

military and have service-connected disabilities for which they were issued handicapped license plates

by the Commonwealth of Kentucky.  While employed at the Post Office, Plaintiffs frequently parked

their vehicles in handicapped parking spaces in the Post Office customer parking lot.  On September 7,

2000, several customers informed Post Office management that there were not enough parking spaces

available in the customer lot.  Post Office management directed Plaintiffs, and other employees, to move

their vehicles and not to use the customer lot in the future.

Plaintiffs filed separate EEO complaints claiming that they were discriminated against on the

basis of age, sex, race, religion, and disability, and retaliated against for prior EEO activity, when they

were directed not to park in the customer parking lot.  The EEOC determined that Plaintiffs' claims

---

[1] Hayes has since retired from the Postal Service, while Little remains a Postal Service employee.

lacked merit and concluded that they had not been discriminated or retaliated against.  Plaintiffs then

filed this action against the Postal Service asserting discrimination and retaliation claims on the bases

alleged in their EEO complaints.

## DISCUSSION

The Postal Service has filed a motion to dismiss or, in the alternative, for summary judgment.

Because the parties have submitted, and the court has considered, evidence outside the pleadings in

considering this motion, it will be treated as a motion for summary judgment.  *See* Fed.R.Civ.P. 12(d).

A party moving for summary judgment has the burden of showing that there are no genuine

issues of fact and that the movant is entitled to summary judgment as a matter of law.  *Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d

1126, 1134 (6th Cir. 1976).  Not every factual dispute between the parties will prevent summary

judgment.  The disputed facts must be material.  They must be facts which, under the substantive law

governing the issue, might affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct.

2505, 2510 (1986).  The dispute must also be genuine.  The facts must be such that if they were proven

at trial, a reasonable jury could return a verdict for the non-moving party.  *Id.*  The disputed issue does

not have to be resolved conclusively in favor of the non-moving party, but that party is required to

present some significant probative evidence which makes it necessary to resolve the parties' differing

versions of the dispute at trial.  *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-

89 (1968).  The evidence must be construed in a light most favorable to the party opposing the motion.

*Bohn Aluminum & Brass Corp. V. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

Plaintiffs have conceded all claims other than their disability discrimination claim based on the

Postal Service's alleged failure to provide them reasonable accommodations under the Rehabilitation

Act, 29 U.S.C. § 794.  Such conceded claims will be dismissed.  Accordingly, the court need only

consider Plaintiffs' claims for disability discrimination for failure to provide them reasonable

accommodations, namely their own reserved handicapped parking spaces.[2]

The Rehabilitation Act prohibits discrimination against disabled persons. Section 504 of the

Rehabilitation Act provides:

> [n]o otherwise qualified individual with a disability... shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or... by the United States Postal Service.

29 U.S.C. 794(a). Under the Rehabilitation Act, which incorporates the standards of the Americans with

Disability Act, disability discrimination includes:

> not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

42 U.S.C. § 12112(b)(5)(A); *Benaugh v. Ohio Civil Rights Commission*, 2008 WL 2091290, *5 (6th Cir.

May 16, 2008).[3]

In order to prevail on a claim of disability discrimination based on failure to accommodate, a

plaintiff must first establish a *prima facie* case by showing that: (1) he is disabled within the meaning

---

[2] The Postal Service provided two employee handicapped parking spaces at the Post Office which were available to all employees with valid handicapped license plates on a first come, first serve basis.

[3] Both the Rehabilitation Act and the Americans with Disabilities Act prohibit discrimination against disabled persons. As stated in *McPherson v. Michigan High School Athletic Assoc.*, 119 F.3d 453 (6th Cir. 1997):

> It is well-established that the two statutes are quite similar in purpose and scope. The analysis of claims under the Americans with Disabilities Act roughly parallels those brought under the Rehabilitation Act of 1973. Further, by statute, the Americans with Disabilities Act standards apply in Rehabilitation Act cases alleging employment discrimination. Thus, because the standards under both of the acts are largely the same, cases construing one statute are instructive in construing the other.

119 F.3d at 459-60 (quotations and citations omitted).

of the Rehabilitation Act; (2) he is a "qualified individual with a disability," meaning he is capable of performing all essential functions of his position with or without accommodation; (3) his employer was aware of his disability; (4) an accommodation was needed, i.e., a causal relationship existed between the disability and the request for accommodation; and (5) the employer denied the reasonable accommodation. *Benaugh,* 2008 WL 2091290, \*5 (citing *DiCarlo v. Potter*, 358 F.3d 408, 419 (6th Cir.2004)). Once this showing is made, the burden shifts to the employer to demonstrate that an accommodation would impose an undue hardship. *Id.* (citing *Dicarlo*, 358 F.3d at 419; *Monette v. Elec. Data Sys. Corp*., 90 F.3d 1173, 1183-84 (6th Cir.1996)).

Plaintiffs have failed to establish a *prima facie* case. Although Plaintiffs have service-connected disabilities, Plaintiffs are not disabled within the meaning of the Rehabilitation Act. *See Dalton v. Potter*, 2007 WL 4414781, \*2 (W.D.Ky. Dec. 14, 2007) (finding that a plaintiff's service-related disability is not relevant to the determination of whether he is affected by a disability as defined in the Rehabilitation Act). To be "disabled," as the term is defined in the Act, an individual must: (1) have a physical or mental impairment which substantially limits one or more of his major life activities; (2) have a record of such an impairment; or (3) be regarded as having such an impairment. 29 U.S.C. § 705(20). "Major life activities" include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 29 C.F.R. § 1630.2(i).

Plaintiffs allege that they are disabled because they are substantially limited in their ability to walk. Little contends that he suffers from thrombosis which causes difficulty in walking, while Hayes contends that he suffers from a spinal disc condition which requires him to walk with a cane, wear a leg brace, and prevents him from walking more than one city block without stopping and resting.[4] "The

---

[4]Plaintiffs allege that they suffer from a variety of other medical conditions including anxiety, sleep apnea syndrome, obstruction of the esophagus, hypertension, carpal tunnel syndrome, prosthetic hypertrophic, post traumatic stress disorder, glaucoma, diabetes, and a shoulder condition. These conditions do not relate to their ability to walk or

(continued...)

- 4 -

Sixth Circuit has held that... some diminishment of an individual's ability to walk do[es] not constitute a disability." *Dalton*, 2007 WL 4414781, *2 (citing *Bryson v. Regis Corp.*, 498 F.3d 561 (6th Cir. 2007)). In *Wood v. Crown Redi-Mix. Inc.*, 339 F.3d 682 (8th Cir. 2003), the Eighth Circuit found that a plaintiff who had the ability to walk only about one-quarter mile before stopping and resting, and whose leg sometimes collapsed had only moderate, and not substantial, limitations on his ability to walk. This court has found *Wood* consistent with the Sixth Circuit and has relied on it in holding that a plaintiff who had difficulty walking more than 300 or 400 yards without stopping was not substantially limited in his ability to walk. *Dalton*, 2007 WL 4414781, *2. The court finds this case similar to both *Wood* and *Dalton* and finds that Plaintiffs are not substantially limited in their ability to walk. Accordingly, Plaintiffs cannot establish that they are disabled under the Rehabilitation Act.[5]

Because Plaintiffs cannot establish a *prima facie* case of disability discrimination based on failure to accommodate, such claim will be dismissed. A separate order will be entered herein this date in accordance with this opinion.

---

[4](...continued)
to their need for their own parking spaces.

[5]Even assuming Plaintiffs could establish that they are disabled under the Rehabilitation Act, they cannot establish that an accommodation was needed. The disabled individual bears the initial burden of proposing an accommodation and showing that *that* accommodation is objectively reasonable. *Monette*, 90 F.3d at 1183. The record indicates that Plaintiffs' position as custodial laborers was labor intensive and required them to do a great deal of walking. Neither Plaintiff requested or needed an accommodation to perform this job. The record also indicates that if Plaintiffs had purchased a parking space in a private lot near the Post Office, Plaintiffs would have only had to walk an additional 30 to 40 feet to the Post Office building. They have offered no evidence establishing that they were unable to walk this additional distance. Plaintiffs' request for an accommodation to park a mere 30 to 40 feet closer to the Post Office building is not objectively reasonable.